# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY A. BIVENS,

        Petitioner,

        v.

COMMONWEALTH OF
PENNSYLVANIA,

        Respondent.

CIVIL ACTION NO. 1:16-cv-02269

(CALDWELL, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On November 9, 2016, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, postmarked November 8, 2016. (Doc. 1). At the time of the filing of this federal habeas petition, the petitioner was incarcerated at the Adams County Adult Correctional Facility, located in Adams County, Pennsylvania.

We have reviewed this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (following 28 U.S.C. § 2254) and find it suitable for summary dismissal.

The petitioner was originally convicted and sentenced in the Court of Common Pleas of Adams for criminal trespass and defiant trespass in April 2013. *Commonwealth v. Bivens*, Docket No. CP-01-CR-0000973-2012

(Adams Cty. C.C.P.).[1] She was initially sentenced to a period of three years under the supervision of a county intermediate punishment program ("IPP"). *Id. See generally* 42 Pa. Cons. Stat. Ann. § 9804; *Commonwealth v. Wegley*, 829 A.2d 1148, 1152–53 (Pa. 2003) (discussing IPP sentencing, a "sentencing option . . . between probation and incarceration").

In December 2014, the petitioner was convicted again for defiant trespass and sentenced by the same court to serve six months on probation, consecutive to serving her sentence for the earlier conviction. *Commonwealth v. Bivens*, Docket No. CP-01-CR-0000104-2014 (Adams Cty. C.C.P.). Later that same month, her IPP release in the earlier case was revoked and she was sentenced to serve a term of 67 days to twelve months of imprisonment, twelve months under IPP supervision, and four years on probation.

In March 2016, the petitioner's IPP and probation in both cases was

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Adams County, available online at https://ujsportal.pacourts.us/DocketSheets.aspx.

revoked and she was sentenced to serve a term of 71 days to 11 months and 29 days in prison, to be followed by six months of probation.

According to Bivens's petition, each of the trespassing incidents underlying her criminal convictions and sentences relates to a home she previously shared with her ex-husband in McSherrystown, Pennsylvania. Bivens was barred from the house by a May 2010 state court order entered in her divorce case. In defiance of the state court order, Bivens has returned to the home on multiple occasions, leading to the criminal charges for which she was convicted and is currently imprisoned.

28 U.S.C. § 2254(a) provides that a court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody purusant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petition for a writ of habeas corpus is "an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure [a petitioner] release from illegal custody." *Preiser v. Rodriguez*, 441 U.S. 475, 484 (1973). A § 2254 petition "seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005).

In the petition before us, the petitioner does not challenge her criminal conviction and sentence itself, but rather she attacks the state court divorce proceedings that preceded it, and which resulted in a marital property distribution that—at best—*indirectly* formed a factual predicate for the criminal conduct for which she is now imprisoned. She has alleged that the presiding state judge in her divorce case conspired with her ex-husband, her ex-husband's lawyer, and two county domestic relations section employees to commit perjury, falsify records, and—ultimately—to "illegally" evict her from the marital home and to deny her an appropriate amount of spousal support and an appropriate share of marital assets (her ex-husband's pension, in particular). She has reasoned that, if the state divorce court had awarded the marital home to her instead of to her ex-husband, there would be no basis for her several trespass convictions because she would be the legal possessor of the home, rather than a trespasser.

But "[f]ederal habeas corpus is concerned with a prisoner's liberty, not his property." *Lepping v. Taylor*, Case No. 3:14-cv-00227-RRB, 2015 WL 5768383, at *4 (D. Alaska Oct. 1, 2015); *see also Miller v. Johnson*, Civil Action No. 3:10CV646-HEH, 2011 WL 2413951, at *2 (E.D. Va. June

10, 2011) (claim regarding seizure and disposition of property not cognizable in a federal habeas petition); *Marshall v. United States*, No. A-09-CA-035-LY, 2010 WL 743791, at *11 (same). The petition does not raise any federal constitutional defects in the state criminal judgment under which she is currently being held in custody. Rather, it challenges the propriety of the state *civil* proceedings that led to the dissolution of her marriage, one aspect of which was a distribution of marital property that allocated to her ex-husband the home where, incidentally, she committed her multiple offenses of criminal and defiant trespass.

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** as meritless. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: January 11, 2017          ***s/ Joseph F. Saporito, Jr.***
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PLAINTIFF NAME,

      Plaintiff,

      v.

DEFENDANT NAME,

      Defendant.

CIVIL ACTION NO.

(DISTRICT JUDGE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 11, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 11, 2017        *s/ Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge